NOW COURIER, INC., Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Tommy Jones, Appellees.

No. 93A02–0611–EX–1033.

Court of Appeals of Indiana.

Aug. 8, 2007.

Steven A. Pletcher, Rebecca S. Smith, Scopelitis, Garvin, Light & Hanson, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorney for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

NOW Courier, Inc. ("NOW") appeals the order of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("the Board") that determined that Tommy C. Jones was entitled to unemployment compensation benefits.

We reverse and remand.

### ISSUE

Whether the order must be reversed because NOW was not allowed to assert Jones' ineligibility for unemployment compensation benefits based upon a statutory exception.

### FACTS

From January 19, 2005 through May 15, 2006, Jones provided a motor vehicle and his courier delivery services to NOW. Subsequently, Jones filed an application for unemployment compensation benefits, naming NOW as his employer. On June 28, 2006, a claims deputy at the Department of Workforce Development ("Department") determined that Jones was entitled to benefits. The notice thereof, sent to Jones and NOW, stated that NOW had "failed to provide sufficient information to establish the discharge was the result of willful misconduct"; that therefore Jones was determined to be "not discharged for just cause"; and that "[u]nless otherwise disqualified," Jones was "eligible to receive weekly" benefits. (App.22). The notice further advised that the determination would become final on July 10, 2006, unless NOW appealed by requesting a hearing before an Administrative Law Judge ("ALJ").

On July 10, 2006, NOW filed with the Department its request for a hearing before an ALJ, stating its reason for "disagree[ment] with the determination" of Jones' eligibility as follows:

Tommy C. Jones was an independent contractor and is not eligible for unemployment benefits. Tommy C. Jones' independent contractor agreement was terminated due to his willful misconduct.

(App.23). In addition to the foregoing request for a hearing, NOW's counsel sent a letter via facsimile and hand delivery to the Department elaborating on this asserted ineligibility—that "Jones was an independent contractor who contracted with NOW Courier to provide transportation services" and had never "been an employee of NOW," and that pursuant to the statutory exception of Indiana Code § 22–4–8–3.5, Jones was "not eligible for unemployment benefits." (App.25, 26). Legal analysis in this regard was included, as well as the independent contractor agreement between Jones and NOW.

The "Notice of Hearing" advised that the hearing before an ALJ was scheduled for August 4, 2006, on the "Issue: Whether the employer discharged for just cause." (App.47). Linda Gorman, NOW's human resources manager, testified that NOW was a federally- and state-licensed motor carrier. Gorman further testified that on

May 12, 2006, Jones had given a female employee of one of NOW's customers a greeting card with an enclosed $50.00 bill. According to her affidavit, the female employee considered it "an unprovoked, inappropriate advance," and reported it to her employer, the customer. (Ex. 2). Gorman testified that the customer "brought the card and the fifty dollar bill" to NOW and reported the matter, whereupon NOW terminated its "contract" with Jones for "a breach of contract." (Tr. 3).

After eliciting Gorman's testimony that NOW was a federally- and state-licensed motor carrier, and that Jones was an independent contractor, NOW attempted to offer evidence regarding the "specific exception" in Indiana law that "makes ... exempt from unemployment compensation eligibility" an owner-operator driver for a motor carrier. (Tr. 5). The ALJ stated that "that issue" could not be added. (T. 5). When NOW moved that the offered evidence be included "on the record," the ALJ said, "No, because that's not relevant" and that he "was not going to take it." (Tr. 6). According to the ALJ, "for right now, he's an employee who's covered." *Id.*

Jones then testified that in his daily stops at the customer's business, he had never made any improper advances to the employee; that the employee had sought his friendship during a difficult time in her life and he had simply given her $50 to go out and have a good time. On August 10, 2006, the ALJ issued its decision, which stated that the only issue to be resolved had been whether "the employer" discharged Jones for just cause, and because NOW "failed to sustain its burden of proof" to the contrary, Jones "was not discharged for just cause." (App.59, 60). The decision stated that an appeal could be made to the Board, and that the appealing party could "request to submit" additional information not presented at the ALJ hearing. (App.59).

On August 28, 2006, NOW filed a request for appeal to the Board. On August 31, 2006, NOW moved "leave to introduce additional evidence" to the Board. (App.61). Specifically, NOW asked to introduce evidence of

—NOW's federal- and state-motor carrier authority;

—the independent contractor agreement between Jones and NOW;

—Jones' IRS Form 1099 showing that he was not paid wage income by NOW;

—the Indiana statutory exemption, Indiana Code § 22–4–8–3.5;

federal and state regulations proving the exemption's applicability to Jones;

all of which the ALJ "would not permit NOW Courier to introduce ... for the record." (App.62). The proposed additional evidence was included with this filing. On September 8, 2006, NOW further sought to add as evidence for consideration by the Board the transcript of the hearing before the ALJ "to show that NOW Courier was denied the opportunity to make a full record of its arguments that Tommy C. Jones is not eligible for unemployment benefits." (App.102).

On September 26, 2006, the Board issued its decision. The Board denied NOW's request to submit additional evidence and its request for a hearing. It also adopted the decision of the ALJ and affirmed the ALJ's determination that Jones was entitled to benefits.

On October 13, 2006, NOW filed with the Board its notice of intent to appeal and request for transcript. NOW also argued that the Board's refusal of its request to submit additional evidence and for a hearing had denied NOW its substantive and procedural due process rights; and that the Board's determination that Jones was

entitled to unemployment compensation benefits was contrary to law because Jones held "exempt status as an independent contractor under Ind.Code § 22–4–8–3.5." (App.120–121).

## DECISION

■ NOW argues that the Board's decision is contrary to law because it was denied due process—specifically, the opportunity to litigate the issue of Jones' exemption from eligibility for unemployment compensation benefits based upon a statutory provision. We agree.

■ When a decision of the Board is challenged as being contrary to law, we consider whether the evidence is sufficient to sustain its findings of fact, and whether the findings are sufficient to sustain the decision. *McHugh v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 842 N.E.2d 436, 440 (Ind.Ct.App.2006) (citing Ind.Code § 22–4–17–12(f)). Accordingly, we review "(1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law." *Id.* The board's findings of fact are generally conclusive and binding on us. *Penny v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 852 N.E.2d 954, 957 (Ind. Ct.App.2006). However, when an appeal involves a question of law, we are not bound by the Board's interpretation of the law. *Id.*

■ The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Whether the requirements of due process have been satisfied is a question of law. *See Holmes v. Randolph*, 610 N.E.2d 839 (Ind.1993) (notice provisions of statutes for towing, impoundment and disposal of abandoned vehicles do not violate due

process); *see also Lincoln v. Bd. of Comm'rs of Tippecanoe County*, 510 N.E.2d 716, 725 (Ind.Ct.App.1987) (notice by ordinary mail did not violate due process), *abrogated on other grounds by McDillon v. Northern Ind. Public Serv. Co.*, 841 N.E.2d 1148 (Ind.2006). Hence, we review *de novo* the issue of whether NOW was denied due process. *See Penny*, 852 N.E.2d at 957.

Indiana statutes governing the unemployment compensation system are found in Article 4 of Title 22. For the purpose of eligibility for benefits, "employment" is defined, *see* I.C. § 22–4–8–1, and expressly "include[s]" certain additional specific services performed. I.C. § 22–4–8–2. However, in section 22–4–8–3, the statutory scheme then provides that "employment" for the purpose of eligibility "shall not include" certain other specified services. I.C. § 22–4–8–3. An additional provision states that "employment" for the Article 4 unemployment compensation system "does not include an owner-operator that provides a motor vehicle and the services of a driver to a motor carrier under a written contract that is subject to IC 8–2.1–24–22, 45 IAC 16–1–13, or 49 CFR 376." I.C. § 22–4–8–3.5.

When an individual files a claim for benefits, an initial "determination of the individual's status as an insured worker" is made; the employer is furnished with notice thereof and that a hearing before an ALJ may be requested within ten days, in which period the employer also "shall notify" the Department of "any facts which may affect an individual's eligibility." I.C. § 22–4–17–2. NOW timely requested a hearing before an ALJ. Further, in that request to the Department, it expressly challenged Jones' eligibility for benefits based upon the statutory exemption. Moreover, counsel for NOW wrote a two-page letter to the Department explaining

the statutory exemption and why it applied. Nevertheless, at the ALJ hearing on Jones' claim, NOW was not allowed to present evidence to establish the factual basis for Jones' ineligibility based on the statute. When the ALJ determined, without the admission or consideration of evidence regarding Jones' eligibility pursuant to the statutory provision, that Jones was entitled to benefits because NOW had failed to establish that he was not discharged for just cause, NOW appealed to the Board. NOW again argued that evidence established Jones' ineligibility pursuant to the statutory provision, but the Board refused to admit or consider that evidence and affirmed the ALJ's decision.

The Board argues that NOW's appeal must fail because (1) NOW failed to pursue what is a "tax liability issue" with a liability ALJ, Board's Br. at 7, and a liability determination by the liability ALJ is appealed directly to the appellate court;[1] and (2) this was a benefits decision, thereby limiting our review to whether the facts support the ALJ's conclusion that Jones was not discharged for just cause.

The Board contends that this is a "tax liability issue," *id.*, over which only liability ALJs have jurisdiction. The statute provides that

a liability administrative law judge shall hear all matters pertaining to:

(1) the assessment of contributions, penalties, and interest;

(2) which accounts, if any, benefits paid, or finally ordered to be paid, should be charged;

(3) successorships, and related matters arising therefrom, including but not limited to:

(A) the transfer of accounts,

(B) the determination of rates and contribution; and

(C) determinations under IC 22–4–11.5; and

(4) claims for refunds of contributions, skills 2016 training assessments, or adjustments thereon in connection with subsequent contribution payments and skills 2016 training assessment;

for which an employing unit has timely filed a protest under section 4 of this chapter.

I.C. § 22–4–32–1.

We acknowledge that the final clause of the above requires timely filing of a protest. However, the record clearly establishes that NOW did so at its earliest opportunity. Moreover, there is nothing in the briefs or the record before us to indicate that the Department ever considered the owner-operator-for-a-motor-carrier exemption in making the determination of Jones' eligibility for benefits.[2]

---

1. Indiana Code section 22–4–32–9(a) provides: "Any decision of the liability administrative law judge shall be conclusive and binding as to all questions of fact. An interested party to the dispute may, within thirty (30) days after notice of intention to appeal as herein provided, appeal the decision to the supreme court or the court of appeals solely for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

2. The Board states in a footnote that an agreed settlement between NOW and the Department followed an appeal by NOW of "tax audit findings that it was an employer, with respect to its courier drivers, for unemployment insurance purposes." NOW's Br. at 6, n. 2. However, the Board acknowledges that this information is not contained in the record here. NOW responds that "the tax liability periods addressed in the Settlement Agreement were *prior* to Jones' benefit claim and the July 1, 2005 effective date" of the statutory provision that NOW argues applies on Jones' claim. NOW's Reply at 6. We note that the Board's footnote does not in any way suggest that the agreed settlement covered the

The Board argues that the sole issue before it was "whether Jones was discharged for just cause and entitled to unemployment benefits," and *not* the "liability" issue of "whether NOW Courier is a motor carrier and Jones is an owner operator or independent contractor." Board's Br. at 5, 6. However, the statutory exemption is to what constitutes "employment" for the purpose of unemployment compensation benefits. I.C. § 22–4–8–3.5. Therefore, we read the statute as affecting a claimant's eligibility as well as a putative employer's liability.

Further, although the Board insists that this as a "tax liability issue," what NOW has sought ab initio to challenge is *Jones' eligibility* for *benefits*. NOW followed the procedure set out in the initial notice from the Department. As we have said, it made clear that it was challenging Jones' eligibility for benefits based upon the statutory exemption. We find no provision in the statute, and the Board cites to no such provision or regulation, that prohibits the consideration of whether a statutory exemption renders the *claimant ineligible* for *benefits* by an ALJ hearing the challenge by a putative employer to the claimant's benefits eligibility. Therefore, we do not find the statutory provision cited by the Board—whereby the determination of a liability ALJ must be appealed directly to the appellate court—strips jurisdiction from either the ALJ hearing a benefits

claim or the Board reviewing the determination of such a claim to consider evidence regarding to the claimant's potential ineligibility based upon the statutory exemption.

The Board also argues that because this was a benefits decision, our review is limited to whether the facts support the decision of the ALJ and Board that Jones was not discharged for just cause. However, whether NOW was denied due process is a matter of law. NOW was never allowed to present to evidence of Jones' asserted ineligibility for benefits based upon the statutory exemption. The Board's determination that Jones was eligible for benefits was erroneous as a matter of law because NOW was not given the opportunity to be heard at a meaningful time and in a meaningful manner on its argument of Jones' ineligibility. Therefore, NOW was denied due process. Accordingly, we reverse and remand for the Department to provide that opportunity.

Reversed and remanded.[3]

KIRSCH, J., and MATHIAS, J., concur.

question of Jones' eligibility based on the argued statutory exemption.

3. On December 12, 2006, the Clerk for the Board filed its notice that "the Clerk's Record in this case has been assembled and is complete." (App.150). On December 28, 2006, NOW filed with the Board a motion for correction of Clerk's Record, asserting that the record "filed" was "incomplete" because it failed to "contain any filings or orders issued by the Review Board in connection with this matter, including the Final Order appealed from." (App.126). The motion itemized vari-

ous material which was not included with the notification of completion of Clerk's Record filed with this court.

The Board's response stated that its notice of completion of Clerk's Record included the certified copy of the CCS, as required by Appellate Rule 10(C). The Board further stated that its Clerk's Record indeed consisted of "the Chronological Case Summary (CCS) and all papers, pleadings, documents, orders, judgments, and other materials filed in the ... Administrative Agency or listed in the CCS" as defined by Appellate Rule 2(E); however, such was properly "retain[ed]

throughout the appeal" by the clerk of the administrative agency—as provided by Appellate Rule 12(A) "[u]nless the Court of Appeals orders otherwise." *Id.* The Board also asserted that the statutory provision cited by NOW that required "rulings" and "documents and papers introduced into evidence or offered as evidence" to be filed with this court was the requirement when filing a *transcript,* as stated in the statute. Indiana Code § 22–4–17–12(B). Therefore, the Board responded, the notice of completion of Clerk's Record, with CCS, that it filed with this court was complete.

NOW then filed a motion asking this court to order that the Clerk's Record "filed" by the Board be "correct[ed]" by the Board. (NOW's motion at 2, 1). We note that Appellate Rule 12(C) provides that "any party may copy any document from the Clerk's Record." This is in keeping with the requirement that the Clerk's Record be "retain[ed] throughout the appeal" in the administrative agency. Ind.App. R. 12(A). We presume that NOW was able to copy the material it desired, inasmuch as the material it argues should have been included by the Board in its filing with this court has been included in NOW's Appendix. The Board does not challenge the inclusion of this material, and it is properly before us.

We hereby find that the issue is moot and that we are able to resolve the issue based upon the record submitted.