**ART HILL, INC., Appellant–Petitioner,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, and Terrence Horan, Appellee–Respondent.**

No. 93A02–0801–EX–34.

Court of Appeals of Indiana.

Dec. 18, 2008.

---

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

L. Alexander Woloshansky, Merrillville, IN, Attorney for Appellant.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Art Hill, Inc. ("Art Hill") appeals from a decision by the Unemployment Insurance Review Board ("Review Board") affirming the findings and conclusions of an Administrative Law Judge ("ALJ"), which granted Terence Horan's application for unemployment benefits. On appeal, Art Hill raises a single issue, which we restate as whether the Review Board erred when it affirmed the ALJ's decision granting Horan unemployment benefits where Art Hill did not participate in the hearing conducted by the ALJ. Concluding that Art Hill had an opportunity to be heard but voluntarily failed to participate, we affirm.

*Facts and Procedural History*

Art Hill discharged Horan from employment on July 24, 2007. On August 7, 2007, the Department of Workforce Development denied Horan's claim for unemployment benefits finding that Art Hill discharged Horan for just cause. Horan filed a notice of appeal of the denial of benefits on August 13, 2007.

On October 3, 2007, the ALJ mailed Art Hill and Horan a notice of hearing to be held on October 25, 2007 at 2:15 p.m. (Gary, Indiana time).[1] The notice stated that the hearing would be held telephonically and instructed both parties to submit one telephone number where they could be contacted by the ALJ at the time of hearing.[2] The notice of hearing provided a telephone and fax number for the ALJ in Lafayette, Indiana. Horan filed a return slip indicating a telephone number where he could be reached for the hearing; Art Hill did not file a return slip, but telephoned the ALJ's office two days prior to the hearing and provided a telephone number ending with extension 5353.

On October 25, 2007, the ALJ contacted Horan at the telephone number he provided. However, the ALJ was unable to contact Art Hill at the number it provided. The ALJ attempted to reach Art Hill three times. Twice, the ALJ dialed the telephone number ending with extension 5353 and reached a voicemail recording. Once, the ALJ dialed the telephone number without the extension and reached an automated menu. After failing to contact Art Hill at the telephone number it provided, the ALJ found that Art Hill had failed to participate in the hearing and conducted the hearing without Art Hill's participation. The ALJ concluded the hearing at 2:33 p.m. Subsequent to the hearing, the ALJ reached Art Hill at extension 5353 and informed Art Hill that the hearing had been held without its participation.

The ALJ issued the following findings of fact and conclusions of law:

> ***FINDINGS OF FACT:*** The employer was called at the number provided by the employer, ... ext. 5353, at [2]:20 p.m. and [2]:25 p.m. but the employer was not available. The following findings are based upon the evidence presented: The employer, Art Hill, operates an automobile dealership located in

---

1. To avoid confusion, all times will be given in reference to Gary, Indiana local time (Central Time Zone).

2. The ALJ also attached telephone hearing instructions to the notice of hearing. The instructions again required both parties to submit one telephone number where they could be contacted by the ALJ at the time of hearing. The instructions also included a return slip on which the party should indicate participation in the hearing and provide the telephone number. Both the notice of hearing and the instructions stated that a party should call in or fax a contact telephone number to the ALJ if there was insufficient time for the return slip to be received by mail prior to the hearing.

Merrillville, Indiana. The claimant, Terance Horan, worked for the employer as a salesperson, and began work for the employer in 1987, and last worked for the employer July 24, 2007. The claimant was discharged from the employment, and the employer informed the claimant that he was discharged. The employer did not participate in the hearing and present evidence, and there is no evidence as to the employer's reason for discharging the claimant from employment.

**Conclusions of Law:** The burden of proof is on the employer to present evidence at the hearing indicating that the claimant was discharged for just cause as provided in I.C. 22–4–15–1. The employer did not participate in the hearing, and the employer failed to satisfy the burden of proof. The claimant was discharged but not for just cause, as provided in I.C. 22–4–15–1.

Appellant's Appendix at 1.

On appeal of the ALJ's decision to the Review Board, Art Hill explained that the telephone at extension 5353 did not have a working speakerphone. Therefore, Art Hill moved to another telephone at extension 5331. Beginning at 2:30 p.m., Art Hill placed several calls to the ALJ's administrative assistant in Indianapolis and the ALJ's phone number listed on the notice of hearing but reached voicemail recordings on each attempt. The Review Board affirmed the decision of the ALJ on December 4, 2007.[3] Art Hill now brings this appeal.

*Discussion and Decision*

■ Art Hill argues that it was denied due process of law when the ALJ conducted the hearing without Art Hill's participation.[4]

### I. Standard of Review

■ On review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Scott v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 995 (Ind.Ct. App.2000). When the Review Board's decision is challenged as being contrary to law, we consider whether the evidence is sufficient to sustain its findings of fact and whether the findings are sufficient to sustain the decision. *NOW Courier, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 871 N.E.2d 384, 387 (Ind.Ct.App. 2007). The Review Board's findings of fact are generally conclusive and binding. *Id.* However, when an appeal involves a question of law, we are not bound by the Review Board's interpretation of the law. *Id.*

### II. Denial of Due Process

■ An individual denied unemployment benefits may seek a hearing on the

3. Art Hill has not attached a copy of the Review Board's decision to its brief. We remind counsel of Indiana Appellate Rule 46(A)(10), which states, "The brief shall include any written opinion, memorandum of decision[,] or findings of fact and conclusions thereon relating to the issues raised on appeal."

4. Other than quoting portions of the Indiana and United States Constitutions, Art Hill failed to provide any citations to authority to support its argument. Indiana Appellate Rule 46(A)(8)(a) requires that all arguments be supported by cogent reasoning and citations to authority. Ordinarily, "a party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record." *Romine v. Gagle*, 782 N.E.2d 369, 386 (Ind.Ct. App.2003). Nonetheless, because of our preference to decide cases that come before us on their merits, we proceed to decide this appeal. *See Foley v. Mannor*, 844 N.E.2d 494, 496 n. 1 (Ind.Ct.App.2006).

issue before an ALJ. Ind.Code § 22–4–17–2; 646 Ind. Admin. Code 3–12–1. The ALJ, "after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the deputy." Ind.Code § 22–4–17–3. The ALJ may hold the hearing by telephone absent an objection from an interested party and after determining that a hearing by telephone is proper and just. Ind.Code § 22–4–17–8.5(b)(4). "Each party to a hearing before an [ALJ] held under [Indiana Code section 22–4–17–3] shall be mailed a notice of the hearing at least ten (10) days before the date of the hearing specifying the place and time of the hearing and identifying the issues to be decided." Ind.Code § 22–4–17–6. The Review Board may affirm, modify, set aside, remand, or reverse the findings, conclusions, or orders of an ALJ. Ind.Code § 22–4–17–5.

■ "[T]he Review Board, while an administrative body, is vested with quasi-judicial powers. Accordingly, while the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected." *Fruehauf Corp. v. Review Bd. of Ind. Employment Sec. Div.*, 448 N.E.2d 1193, 1195 (Ind.Ct.App.1983) (citations omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *NOW Courier*, 871 N.E.2d at 387; *see also Carter v. Review Bd. of Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 718 (Ind. Ct.App.1988) ("Due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses."). Whether the requirements of due process have been satisfied is a question of law; therefore, we review the issue de novo. *Id.*

We have previously considered the due process implications of a failure of one party to receive actual notice of a hearing. In *KLR, Inc. v. Ind. Unemployment Ins. Review Bd.*, the employer failed to appear for a hearing before the ALJ and later argued that it did not receive notice of the hearing. 858 N.E.2d 115, 117 (Ind.Ct.App. 2006). The Review Board affirmed the ALJ granting unemployment benefits to the employee finding that the employer failed to rebut the presumption of notice that arises when the ALJ mails notice of the hearing to the employer. *Id.* This court, holding that the employer had successfully rebutted the presumption of notice, reversed and remanded for a new hearing before the Review Board to determine, as a question of fact, whether the employer had received notice of the hearing. *Id.* at 119.

Similarly, in *Scott*, this court reversed and remanded a denial of unemployment benefits following a hearing before an ALJ where the employee did not receive actual notice of the hearing and failed to appear. 725 N.E.2d at 997. Thus, in both cases, the denial of due process hinged not on the ALJ conducting the hearing without the party's participation, but rather on the failure of the party to receive actual notice of the hearing. Art Hill does not contend that it did not receive actual notice of the hearing; in fact, Art Hill responded to notice of the hearing by providing a contact telephone number to the ALJ's office prior to the hearing date.

■ Although we have never directly addressed the due process implications of an ALJ conducting a hearing without the participation of a party who received notice but could not be contacted via telephone at the time of hearing, we have considered the due process implications of the right to be present at a hearing in other contexts. *See, e.g., Jackson v. State,*

868 N.E.2d 494, 498 (Ind.2007) (the constitutional right to be present at trial can be knowingly and voluntarily waived where the defendant knows of the trial date and fails to appear and fails to notify the trial court or provide an explanation for his absence); *Gillespie v. State,* 634 N.E.2d 862, 863 (Ind.Ct.App.1994) (defendant may knowingly and voluntarily waive right to be present at sentencing); *In re C.B.,* 616 N.E.2d 763, 770 n. 4 (Ind.Ct.App.1993) (right to be present at a CHINS hearing is waived by party's failure to appear after lawful notice). We see no justification for treating the right to be present at an unemployment hearing any differently than the right to be present in any other context. Therefore, we hold that a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing.

In compliance with Indiana Code section 22–4–17–6 and 646 Indiana Administrative Code 3–12–21(d), the ALJ provided notice of the telephone hearing and instructions to both parties that required each party to provide a single telephone number where the party could be contacted at the time of the hearing. Although the ALJ requested written notice of the contact telephone number, he also specifically authorized notice by telephone or fax if time would not permit notice by mail to arrive prior to the hearing. Art Hill provided a single contact telephone number to the ALJ two days prior to the hearing. However, Art Hill failed to notify the ALJ that its contact telephone number had changed prior to the hearing. Art Hill also failed to take the simple step of leaving a representative at extension 5353 to accept and transfer the ALJ's incoming call. Rather, Art Hill waited until fifteen minutes after the scheduled beginning of the hearing to attempt to contact the ALJ. By that time, the ALJ had concluded or nearly concluded the hearing.

Based on these facts, Art Hill cannot say that it was denied a reasonable opportunity for a fair hearing. *See Rice v. Three Rivers Healthcare,* 167 S.W.3d 254, 256 (Mo.Ct.App.2005) (claimant who failed to properly read notice of telephone hearing and comply with instructions was not denied a reasonable opportunity for a fair hearing); *Brawley & Flowers, Inc. v. Gunter,* 934 S.W.2d 557, 560–61 (Mo.Ct.App. 1996) (employer who failed to respond to notice of telephone hearing by providing a contact number was not denied a reasonable opportunity for a fair hearing). Art Hill received notice of the hearing, had an opportunity to be heard, and voluntarily failed to participate in the hearing. Therefore, Art Hill was not denied due process when the ALJ conducted the telephone hearing without its participation.

*Conclusion*

Art Hill was not denied due process when the ALJ conducted an unemployment hearing by telephone without Art Hill's participation where Art Hill was not available at the contact telephone number provided to the ALJ. Therefore, the Review Board did not err when it affirmed the decision of the ALJ granting unemployment benefits to Horan.

Affirmed.

NAJAM, J., and MAY, J., concur.