# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**STEVEN M. LUTZ**
Church Church Hittle & Antrim
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jun 26 2013, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAMILTON HEIGHTS SCHOOL CORP., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1210-EX-795 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and SHERRI K. STEPP, | ) | |
| | ) | |
| Appellees-Petitioners, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| THE INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| Appellee-Intervener. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
Cause No. 12-R-03172

**June 26, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Respondent Hamilton Heights School Corporation ("Employer") appeals the determination of the Review Board of the Indiana Department of Workforce Development (the "Review Board") in which the Review Board found Employer liable for unemployment benefits relating to its dismissal of a former employee. Concluding that the notice of the in-person hearing that was given to Employer was inadequate in light of the procedural history of the instant matter together with the confusing and seemingly inconsistent information contained in the documentation issued by the Department of Workforce Development (the "Department"), we reverse and remand to the Review Board with instructions.

## FACTS AND PROCEDURAL HISTORY

Sherri Stepp worked as a custodian for Employer from 1995 to 2012. Employer terminated Stepp's employment in March of 2012, following an on-the-job argument between Stepp and a co-worker. Stepp subsequently applied for unemployment benefits. Employer opposed Stepp's application, claiming that Stepp was not entitled to receive unemployment benefits because her employment was terminated for just cause.

After an initial review of Stepp's claim, a claims deputy for the Department of Workforce Development determined that Stepp had been fired for just cause and was therefore ineligible for unemployment benefits. Stepp appealed, and an Administrative Law Judge ("ALJ") conducted a hearing, by telephone, on July 17, 2012, after which it affirmed the decision of the claims deputy. Stepp subsequently appealed this decision to the Review Board.

On August 7, 2012, the Review Board issued an order vacating the ALJ's decision and ordering a new hearing because the recording of the July 17, 2012 hearing was "inadvertently destroyed" before the Review Board could review the ALJ's decision. Appellant's App. p. 35. In notifying the parties that the ALJ's decision in favor of the Employer had been vacated, the Review Board informed the parties that a new hearing would be scheduled and would be conducted "de novo." Appellant's App. p. 35.

On August 9, 2012, a different ALJ sent a notice to the parties which indicated that the new hearing would be conducted, in-person, on August 21, 2012, at 10:15 a.m. However, the notice and attached acknowledgment sheet and instructions also included conflicting information which suggested that the hearing would be conducted by telephone. Stepp appeared before the ALJ in person on August 21, 2012. Relying on its experience with the prior proceedings and the documents issued by the Department in their entirety, Employer unsuccessfully attempted to participate in the hearing by telephone. Following the hearing, the ALJ found that Stepp was entitled to recover because Employer had failed to participate and, as such, had failed to meet its burden to prove that Stepp's employment was terminated for just cause.

On August 27, 2012, Employer appealed the ALJ's determination to the Review Board. In this appeal, Employer claimed that all necessary individuals were present at the telephone for the number provided to the ALJ and were ready to participate at the time the hearing was scheduled to begin. Employer further claimed that when the ALJ did not call, a representative of Employer called the ALJ's office but was told that the hearing had already

3

commenced, and that Employer would have to wait for the ALJ's determination to appeal. On September 24, 2012, the Review Board issued an order affirming the decision of the ALJ. This appeal follows.

**DISCUSSION AND DECISION**

On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Value World Inc. of Ind. v. Review Bd. of Ind. Unemp't Dept. of Workforce Dev.*, 927 N.E.2d 945, 947 (Ind. Ct. App. 2010). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id*. at 948. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Review Board's conclusion, it will not be set aside. *Id*. When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Review Board incorrectly interprets a statute. *Id*.

In the instant matter, Employer contends that the Review Board erred in affirming the decision of the ALJ because its right to due process was violated by the deficient nature of the notice of the hearing provided in the documentation issued by the Department. Specifically, Employer argues that in light of the procedural history of this matter and the seemingly inconsistent language used in the documentation provided by the Department, it was unclear as to whether the hearing would be conducted in-person or telephonically. As we know, Employer was ready and willing to participate in the hearing by telephone and even

4

called the ALJ's office when it did not receive a call from the ALJ at the time the hearing was scheduled to begin.

Again, the relevant procedural history demonstrates that Stepp filed for unemployment benefits after her employment with Employer was terminated in March of 2012. After an initial review of Stepp's claim, a claims deputy determined that Stepp had been fired for just cause and was therefore ineligible for unemployment benefits. Stepp appealed, and an ALJ conducted a hearing, *by telephone*, after which it affirmed the decision of the claims deputy. However, the ALJ's decision was subsequently vacated by the Review Board because the recording of the ALJ's hearing was "inadvertently destroyed" before the Review Board could review the ALJ's decision. Appellant's App. p. 35. In notifying the parties that the ALJ's decision in favor of the Employer had been vacated, the Review Board informed the parties that a new hearing would be scheduled and would be conducted "de novo." Appellant's App. p. 35.

A different ALJ subsequently notified the parties of the date and time of the new hearing. This notice read as follows:

STATE OF INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT
UNEMPLOYMENT INSURANCE APPEALS
**NOTICE OF IN PERSON HEARING**
**\*\*\*\***

**This is your notification that an unemployment insurance appeal hearing before an Administrative Law Judge will be held as follows:**

Administrative Law Judge:    [\*\*\* \*\*\*\*\*\*]
**Hearing Day, Date, and Time**:    **Tuesday, August 21, 2012 at 10:15 AM Eastern**
**Place of Hearing**:    **Indiana Department of Work Force Development**

5

**100 North Senate Avenue, N800**
**Indianapolis, IN  46204**

Appellant's App. p. 41 (emphases in original).  The notice further read as follows:

### IMPORTANT INFORMATION ABOUT THIS PROCESS

- To participate in this hearing, you **MUST** deliver the enclosed **Acknowledgment Sheet** to the Appeals office by mail, fax, or in person.
- List only **ONE** telephone number on the **Acknowledgment Sheet**.
- If you have documents you want the judge to consider you **MUST** deliver them by mail, fax, or in person to the Appeals office **AND** the other party.  The documents must be received **at least 24 hours BEFORE** the date of the scheduled hearing.
- The Administrative Law Judge may take up to sixty (60) minutes to contact the parties for the hearing.  If the parties are not contacted within 60 (sixty) minutes the parties may request a continuance.
- Other **IMPORTANT INFORMATION** is provided in the enclosed **U.I. APEALS HEARING INSTRUCTIONS** sheet.
- If you have any questions, contact the Appeals office by telephone at (317) 234-[****][.]

Appellant's App. p. 41 (emphases in original).   The U.I. APPEALS HEARING

INSTRUCTIONS sheet provides, in relevant part, as follows:

### BEFORE THE DATE OF THE HEARING
- **Contact Number**: Provide the judge **ONE** contact telephone number to reach you for the hearing on the enclosed Acknowledgement Sheet.  Deliver this sheet by mail, fax, or in person **AT LEAST 24 hours prior to the hearing**. You must write **legibly**.…  It is your responsibility to ensure that the judge has your contact telephone number.…  If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing.  A decision or dismissal may be issued by the judge even if you do not participate.
- **Rescheduling/Continuance/Requests for In-Person Hearing**:  Any requests for the hearing to be rescheduled or for the hearing to take place in-person **MUST** be delivered to the judge in writing and a copy must be provided to the other party at least three (3) days before the hearing..  You must specify in your written request the reason for the request and that you have notified the other party.  No requests over the phone will be accepted.  The judge will only approve these requests for good cause.…

6

****

- **<u>Representatives and Witnesses</u>**: If you will have a representative and/or witness(es), they must either be with you at the telephone number you provided or you must be able to conference them into the hearing call.…

****

**DURING THE HEARING**

****

- **<u>Telephone Considerations</u>**: If your telephone disconnects during the hearing, the judge will attempt to call you back.  Please speak clearly during the hearing.  Try to be in a quiet area where you will not be interrupted.…  The judge may dismiss your case if the party who filed the appeal cannot be reached within fifteen (15) minutes of the scheduled start time of your hearing.  The judge may be behind in their hearing schedule, so please be patient.…  You cannot call in and be connected to a hearing that is already in progress.

Appellant's App. pp. 42-43 (emphases in original).  The Acknowledgment Sheet that was returned by the Employer indicating that Employer would participate in the hearing reads, in relevant part, as follows:

> **Case Number**: 12-11721
>
> ****
>
> **Appellant**:  Claimant
> **Date of Hearing**:  Tuesday, August 21, 2012 at 10:15 AM Eastern
>
> **ALJ**:  [*** ******]
>
> Print Name (If you will participate):          [Employer]
> Telephone Number for In-Person Hearing:      [Number provided by Employer]

Appellant's App. p. 45 (emphases in original).

Upon review, these documents are, at the very least, confusing as they include conflicting information.  While on one hand, the documents state that the hearing will be conducted in-person in the ALJ's office, they also suggest that the hearing will be conducted telephonically.  The documents contain repeated requests for telephonic contact information

7

and indicate that the ALJ will contact the parties at the numbers provided at the scheduled time of the hearing.[1] The instructions for the hearing, which again are provided by the Department, specifically indicate that any representatives or witnesses must be with the parties at the telephone number provided or must be able to be conferenced in to the "hearing call." Appellant's App. p. 42. Where, as is the case here, a prior hearing was held telephonically and no party has requested an in-person hearing, the conflicting nature of the information contained in these documents and instructions could lead a reasonable person to believe that the hearing would be conducted telephonically.

We have previously held that "'while the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected.'" *Art Hill, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind. Ct. App. 2008) (quoting *Fruehauf Corp. v. Review Bd. of Ind. Emp't Sec. Div.*, 448 N.E.2d 1193, 1195 (Ind. Ct. App. 1983) (citations omitted)).

> "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." [*NOW Courier, Inc. v. Review Bd. of Ind. Dept. of Workforce Dev.*, 871 N.E.2d 384, 387 (Ind. Ct. App. 2007)]; *see also Carter v. Review Bd. of Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 718 (Ind. Ct. App. 1988) ("Due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses."). Whether the requirements of due process have been satisfied is a question of law; therefore, we review the issue de novo. *Id.*

*Art Hill*, 898 N.E.2d at 367.

Again, in the instant matter, the parties were originally scheduled for and participated

---

[1] It is noteworthy that the Department could easily avoid this confusion by creating two separate sets of documents and instructions, one for hearings scheduled in-person and one for hearings scheduled telephonically.

in a telephonic hearing. After this hearing, the ALJ issued an order in which he found in favor of the Employer. The Review Board subsequently vacated the ALJ's order because the record had "inadvertently" been destroyed. Nothing in the record suggests that the destruction of the record was the fault of either party. After being notified that there would be a new hearing, the Employer sent back the forms indicating that it would participate in the new hearing, provided the ALJ with a telephone number, was present and waiting at that telephone number at the scheduled time of the hearing, and called into the ALJ's office when the ALJ did not call as anticipated.

It is especially troublesome that a party could participate in and be successful following a hearing, have that hearing vacated through no fault of its own, be prepared for and willing to participate in a subsequent hearing, and attempt to contact the ALJ when not contacted for the hearing, only to have a ruling issued against it for failure to participate. Thus, in light of this procedural history together with the conflicting and confusing nature of the documents and instructions provided to the parties by the Review Board, we conclude that Employer's due process rights were violated because Employer was not given the opportunity to be heard at a meaningful time and in a meaningful manner. *See Art Hill*, 898 N.E.2d at 367. As such, we reverse the Review Board's order affirming the ALJ's finding in favor of Stepp and remand the matter for a hearing on the merits.

The judgment of the Review Board is reversed and the matter is remanded with instructions.

BROWN, J., concurs.

RILEY, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAMILTON HEIGHTS SCHOOL CORP., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1210-EX-795 |
| | ) | |
| THE INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| Appellee-Intervener. | ) | |

**RILEY, Judge, dissenting**

I respectfully dissent from the majority's decision to reverse the determination of the

Review Board of the Indiana Department of Workforce Development (Review Board) which

found the Hamilton Heights School Corp. (Hamilton Heights) liable for unemployment

benefits. Two hearings occurred in this case, a telephone hearing on July 17, 2012 (July

Hearing), which was preceded by notice on July 6, 2012 (July Notice); and an in person

hearing on August 21, 2012 (August Hearing), which was preceded by notice on August 9,

2012 (August Notice). Based upon the inattentiveness of the person charged with

calendaring the hearing, Hamilton Heights assumed that the August Hearing was to be held

by phone and thus failed to appear in person. Sherri Stepp (Stepp), a custodian who worked

for Hamilton Heights for more than 16 years, was awarded unemployment insurance benefits

because no present evidence was presented in opposition to her claim.

In deeming the foregoing a due process violation, the majority excuses Hamilton

11

Heights' failure to participate based on language contained in the notices and ancillary documentation as well as the school's assumption that the July Hearing would be conducted in the same manner as the August Hearing. We are therefore left with the following legal precedent: an employer is denied due process by failing to participate at an unemployment compensation hearing when such failure is caused by a) the employer's reliance on procedures followed at a prior hearing and b) its confusion resulting from the language contained in the notice of a subsequent hearing. However, I am constrained to find a simple failure to read tantamount to a due process violation for the following reasons.

First, the August Notice was sufficiently obvious to dispel any notion that the August Hearing was to be held by telephone. Hamilton Heights concedes that it received the August Notice but argues that its failure to participate is excused by the language in the August Notice, which it found confusing. However, as the majority recognizes, the words "IN PERSON HEARING" appear in all capital letters in the caption to the August Notice. (Appellant's App. p. 36). This is in clear contrast to the July Notice, with its caption providing only the words "NOTICE OF HEARING" in plain type. (Appellant's App. p. 3).

Further, the details of the August Hearing appear below the caption and list the administrative law judge's (ALJ) name, along with the time and place of the hearing in bold, underlined typeface:

| | |
|---|---|
| Administrative Law Judge: | [*** ******] |
| **Hearing Day, Date, and Time**: | **<u>Tuesday, August 21, 2012 at 10:15 AM Eastern</u>** |
| **Place of Hearing**: | **<u>Indiana Department of Work Force Development</u>** <br> **<u>100 North Senate Avenue, N800</u>** <br> **<u>Indianapolis, IN 46204</u>** |

(Appellant's App. p. 41) (emphases in original).  This differs from the July Notice, which provided in part:

| | |
|---|---|
| Administrative Law Judge: | [*** ******] |
| Hearing Day, Date, and Time: | Tuesday, July 17, 2012 at 10:00 AM Eastern |
| Place of Hearing: | BY TELEPHONE (you will receive a call from the Judge at the number you provide on the Acknowledgement Sheet) |

(Appellant's App. p. 8) (emphases in original).

Confronted with these inescapable distinctions, the majority cites explanatory language contained 1) at the bottom of each notice, 2) in the acknowledgement form; and 3) the accompanying instruction sheet.  However, the language at the bottom of each notice simply provides general information pertaining to both telephone and in person hearings. The instruction sheet provides general information for both types of hearings but also advises that it "cannot be used as law or rule or for any other purpose." (Appellant's App. pp. 5, 43). The acknowledgment forms distinguish between in person and telephonic hearings, with the form accompanying the August Notice specifically stating, "Telephone Number for In-Person Hearing."  (Appellant's App. p. 45).   Even if these instructions of general applicability were somehow confusing to Hamilton Heights, I do not conclude that it overcomes the otherwise explicit language appearing in the caption and body of both notices.

Second, when matters coming within the control of a party prevent its participation in a hearing, this court has consistently found no denial of due process.  "A party who receives

13

notice of an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing." *Art Hill, Inc. v. Review Bd. of Indiana Dept. of Workforce Development*, 898 N.E.2d 363, 368 (Ind. Ct. App. 2008). In *Art Hill*, we concluded that an employer that gave an incorrect telephone extension number to the ALJ was not denied a fair hearing, despite calling the ALJ "until fifteen minutes after the scheduled beginning of the hearing." *Id.* In *Wolf Lake Pub, Inc. v. Review Bd. of Indiana Dept. of Workforce Development*, 930 N.E.2d 1138, 1142 (Ind. Ct. App. 2010), an employer who went "on vacation in a mountainous region without [...] reliable cell phone reception" and who stayed in "a hotel without telephones in the rooms" was not denied a reasonable opportunity to participate. In *S.S. v. Review Bd. of Indiana Dept. of Workforce Development*, 941 N.E.2d 550, 555 (Ind. Ct. App. 2011), *reh'g denied*, parties who confused time zones and thus failed to participate in a hearing were not denied an opportunity to be heard. However, in *A.Y. v. Review Bd. of Indiana Dept. of Workforce Development*, 948 N.E.2d 373, 379 (Ind. Ct. App. 2011), *trans. denied*, we reversed and remanded for a determination of whether a claimant, who alleged that she provided her correct telephone number yet did not receive a call from the ALJ and thereafter called within the time allotted for her hearing, had shown good cause for reinstatement of her appeal. The foregoing cases illustrate that matters within the control of the party that prevent them from participation in a hearing do not deprive that party of a fair hearing. Hamilton Heights' arguments to the contrary are unavailing as it is clear that its inability to attend the August Hearing stems from its inattentiveness to the August Notice.

Third, equity weighs in favor of a claimant who, as opposed to the team of school personnel allied against her, was capable of determining the obvious – that she must attend an in person hearing on her unemployment claim. Although Hamilton Heights argues the unfairness of having Stepp awarded unemployment insurance, it would be inequitable to Stepp to conclude otherwise. Stepp read the August Notice and attended the in person August Hearing. Hamilton Heights' inattentiveness to the August Notice was something under its control and as a result it waived its right to a fair hearing. I would therefore affirm the Review Board's decision.