**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LORI A. CISSOM**
Warsaw, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LORI A. CISSOM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1304-EX-404 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and SUPREME INDIANA | ) | |
| OPERATIONS, INC., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 13-R-1374

**December 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Lori A. Cissom applied for unemployment benefits, but her claim was denied.  She appealed, but an administrative law judge ("ALJ") of the Review Board of the Indiana Department of Workforce Development dismissed Cissom's appeal when she failed to participate in a telephonic hearing.  The Review Board denied her request to reinstate her appeal.  We affirm.

## ISSUE

Cissom raises two issues, one of which we find dispositive:  whether the Review Board erred in denying Cissom's request to reinstate her appeal.

## FACTS AND PROCEDURAL HISTORY[1]

Supreme Indiana Operations, Inc. ("Supreme"), fired Cissom.  She filed a claim for unemployment insurance benefits.  A Review Board deputy denied her claim, and she appealed.

The Review Board sent Cissom and Supreme a Notice of Hearing.  The Notice provided that ALJ Jennifer Chelf would hold a telephonic hearing on March 18, 2013, at 10:30 a.m.  The Notice further advised each of the parties to fill out and return an Acknowledgement Sheet, providing a telephone number for the ALJ to call.  An attachment to the Notice stated, "It is your responsibility to know . . . what time the hearing will take place, and participate on that date and time."  Tr. Exhibits, p. 5.  The

---

[1] Cissom has failed to file an Appellant's Appendix, in violation of Indiana Appellate Rule 49(A) ("The appellant shall file its Appendix with its appellant's brief.").  The transcript contains sufficient documents to allow us to resolve this appeal.

attachment further stated, "If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate." *Id.*

On March 12, 2013, the Review Board received an Acknowledgement Sheet from Cissom. She provided a telephone number at which she could be contacted for the hearing.

On March 18, 2013, ALJ Chelf convened the hearing at 10:30 a.m. ALJ Chelf referred to Cissom's Acknowledgement Sheet and called her at the number Cissom had provided. An automated message stated that the telephone number was not in service. A second call to Cissom's number yielded the same result. Next, ALJ Chelf called Supreme and successfully reached its representative. She asked the representative to remain available and waited twenty minutes before calling Cissom again. ALJ Chelf again heard an automated message stating that Cissom's telephone number was not in service. As a result, she contacted Supreme's representative again and stated that she would dismiss Cissom's appeal.

Later that same day, ALJ Chelf issued an order dismissing the appeal. The order advised that Cissom could file a motion to reinstate the appeal. Cissom requested reinstatement, asserting that she had been available for the hearing but did not realize that her phone could not accept conference calls. The Review Board denied Cissom's request for reinstatement. This appeal followed.

### DISCUSSION AND DECISION

3

The purpose of the Unemployment Compensation Act is to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control. *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009).

The Review Board's determination is conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a) (1995). On appeal, the standard of review is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011).

When reviewing findings of basic fact, we neither reweigh the evidence nor judge the credibility of witnesses. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). Rather, we consider only the evidence most favorable to the Board's findings, and we reverse only if there is no substantial evidence to support the findings. *Id.*

Cissom claims that the Review Board should have reinstated her appeal because she did not know that her phone could not receive conference calls. Appellant's Br. p. 4. She fails to support this claim with cogent argument or citation to authority. Thus, the claim is waived. *See Triplett v. USX Corp.*, 893 N.E.2d 1107, 1117 (Ind. Ct. App. 2008) (claim waived for appellate review where Triplett failed to cite relevant authority and did not provide cogent argument), *trans. denied.*

Waiver notwithstanding, we find guidance in *Art Hill, Inc. v. Review Board of the Indiana Department of Workforce Development*, 898 N.E.2d 363 (Ind. Ct. App. 2008). In that case, the Review Board sent the parties notice of a telephonic hearing before an ALJ and instructed the parties to submit a telephone number where they could be contacted for the hearing. Art Hill, Inc. ("Hill"), provided a telephone number, but during the hearing the ALJ called the number three times and was unable to reach anyone. As a result, the ALJ held the hearing without Hill and issued an order in favor of Hill's former employee.

On appeal, Hill explained that it had switched phones immediately before the hearing but was unable to notify the ALJ of the change. Hill further claimed it was unfair for the ALJ to proceed in its absence. A panel of this Court noted that the Review Board had provided appropriate notice of the hearing to Hill, including identifying the methods by which Hill could notify the Review Board of any change in contact information. The Court further determined that Hill failed to ensure that the Review Board had an appropriate phone number and concluded that the ALJ did not err by proceeding with the hearing in Hill's absence. *Id.* at 368.

In the current case, the Review Board gave the parties notice of the hearing. The Review Board further emphasized the importance of providing a valid telephone number. At the time of the hearing, the ALJ called Cissom three times at the number she had provided, to no avail. As was the case in *Art Hill, Inc.*, Cissom bore the responsibility of providing the Review Board with a valid telephone number and identifying any problems with her telephone prior to the hearing. The Review Board did not err in denying Cissom's request to reinstate her appeal. *See id.*; *see also Wolf Lake Pub, Inc. v. Review*

*Bd. of Ind. Dep't of Workforce Dev.*, 930 N.E.2d 1138, 1142 (Ind. Ct. App. 2010) (ALJ did not err in dismissing Wolf Lake Pub's appeal due to inability to reach Pub by telephone; Pub's representatives were on vacation in an area with poor mobile phone reception and did not receive the call).

CONCLUSION

For the reasons stated above, we affirm the judgment of the Review Board.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.