WOLF LAKE PUB, INC.,
Appellant–Petitioner,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, et al., Appellees–Respondents.

No. 93A02–0910–EX–957.

Court of Appeals of Indiana.

June 9, 2010.

Publication Ordered July 19, 2010.

———

Philip R. Terrill, Randy M. Fisher, Leonard, Hammond, Thoma & Terrill, Fort Wayne, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Wolf Lake Pub, Inc., (Wolf Lake), appeals the decision of the Indiana Unemployment Insurance Review Board (Review Board) dismissing its appeal for failure to appear at a hearing. Specifically, Wolf Lake argues that it was denied due process because it was not afforded a reasonable opportunity to participate in a fair hearing. Additionally, Wolf Lake contends that the Review Board abused its discretion by not accepting additional evidence. Finding no error, we affirm.

### FACTS

On January 8, 2009, a claims deputy with the Indiana Department of Workforce Development (IDWD) determined that Wolf Lake's former employee had not been discharged for just cause and was, therefore, not disqualified from receiving unemployment compensation benefits. On January 13, 2009, Wolf Lake appealed the claims deputy's determination.

On June 1, 2009, the IDWD mailed Wolf Lake a Notice of Hearing and hearing instructions (collectively, "the Notice"). The Notice stated that a hearing by telephone was scheduled for June 15, 2009, at 3:30 p.m. The Notice was accompanied by a return slip to acknowledge participation in the hearing and to provide the IDWD with a telephone number where the party could be reached. Additionally, the Notice cautioned that "[i]f you are the appealing party and fail to participate in the hearing, the administrative law judge [ (ALJ) ] will dismiss your appeal." Appellant's App. p. 31–32. The notice further advised that if a party intended to use a cell phone, that party should be sure to have a fully charged battery and good reception, and that "[i]t is not possible for you to call the judge, so you must be available and you must answer the telephone when it rings, or your case may be dismissed." *Id.* at 34.

Wim and Nancy Bosch are the owners and representatives of Wolf Lake. Wim completed the return slip and provided a telephone number where he could be reached for the hearing. On June 15, 2009, the ALJ called the number at 3:32 p.m. and then again at 3:37 p.m., but no one answered. The ALJ dismissed the appeal, noting that "[t]he party who requested the appeal failed to participate in the appeal hearing." *Id.* at 41.

A notice of the dismissal was mailed on June 16, 2009, and on June 25, 2009, Wolf Lake applied for reinstatement of the appeal, explaining that the Bosches were on vacation the day of the hearing and did not have access to reliable cell phone reception. Additionally, Wolf Lake explained that the Bosches had witnessed an accident involving a motorcycle which prevented them from leaving the scene of the accident to find better cell phone reception. On July 22, 2009, the ALJ denied Wolf Lake's request for reinstatement of the appeal because it "did not show good cause why the case should be reinstated." *Id.* at 44. Wolf Lake appealed this decision to the Review Board on July 31, 2009, explaining again that the Bosches had

been on vacation the day of the hearing in an area with limited cell phone reception, that their hotel did not provide telephones in the rooms, and that the Bosches had witnessed an accident which prevented them from finding an area with better cell phone reception. On September 1, 2009, the Review Board issued its decision, incorporating the ALJ's findings of fact and conclusions of law and affirmed the decision of the ALJ without a hearing or additional evidence. Wolf Lake now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Wolf Lake argues that it was denied due process because it was not given a reasonable opportunity to participate in a hearing and that the Review Board abused its discretion when it refused to accept additional evidence. When reviewing unemployment compensation proceedings, this court determines whether the Review Board's decision is reasonable in light of its findings. *Scott v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 995 (Ind.Ct.App.2000). When the decision of the Review Board is being challenged as contrary to law, we consider whether the evidence is sufficient to support its findings and whether the findings are sufficient to sustain the decision. *NOW Courier, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 871 N.E.2d 384, 387 (Ind.Ct.App.2007). The Review Board's findings of fact are generally conclusive and binding; however, when an appeal involves a question of law, this court is not bound by the Review Board's interpretation of the law. *Art Hill, Inc., v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 366 (Ind.Ct.App. 2008).

### II. Due Process

Wolf Lake contends that it was denied due process because the ALJ failed to give it a reasonable opportunity to participate in a fair hearing. Whether a party was denied due process is a question of law that we review de novo. *Miller v. Ind. Dep't of Workforce Dev.*, 878 N.E.2d 346, 351 (Ind.Ct.App.2007).

Although " 'the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected.' " *Art Hill*, 898 N.E.2d at 367 (quoting *Fruehauf Corp. v. Review Bd. of Ind. Employment Sec. Div.*, 448 N.E.2d 1193, 1195 (Ind.Ct. App.1983)). And " '[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.' " *Id.* (quoting *NOW Courier*, 871 N.E.2d at 387). Nevertheless, we have held that "a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing." *Id.* at 368 (concluding that an employer was not denied a reasonable opportunity to participate in a fair hearing where the employer changed its telephone extension number but failed to inform the ALJ of the change).

Here, Wolf Lake acknowledges that it received notice of the hearing, but claims that it was unable to participate "based upon extremely unusual and unforeseen circumstances, not of [its] own doing." Appellant's Br. p. 9. Specifically, Wolf Lake explains that the Bosches were on vacation in Blueridge Parkway National Park at the time of the hearing and had limited cell phone coverage. Wolf Lake further explains that:

Close to the start of the telephone hearing, the Bosch's [sic] hitch to their motorcycle trailer broke. This required

immediate attention and caused them to unexpectedly stop on the highway for repairs. While stopped, they witnessed a severe accident. As such, Park Ranger Jay Shields would not let the Bosch's [sic] leave to find better cell phone coverage, until the motorcycle and passenger were safely retrieved and the statements of witnesses were taken. This accident was the direct cause of why Wolf Lake was not able to participate in the hearing with the ALJ. Clearly, this was an extremely unusual and unforeseen circumstances [sic], not of their own doing.

*Id.* (internal citations omitted).

Wolf Lake's claim that the accident was the "direct cause" of its inability to participate in the hearing is perplexing, inasmuch as a letter from Wolf Lake seeking reinstatement of the appeal stated that

Wim & I were on a vacation planned long before this appeal was scheduled. We were both unaware that phone service along the Blueridge Parkway was so limited. *We called the next morning as-soon-as [sic] possible to explain. It was later in the day due to the hitch breaking on our motorcycle trailer and an accident we witnessed of another bike going off the road into a ravine.* The Park Ranger, Officer Jay Shields, would not let us leave until the bike was retrieved and statements made.

Appellant's App. p. 42–43 (emphasis added). Likewise, in a letter to the Review Board, Wolf Lake explained that the Bosches were prevented from accepting the ALJ's call because they were on vacation along the Blueridge Parkway and that

[d]ue to no towers our phones were on roam and it ran our batteries dry. There are few public phones along the parkway, too. The hotel we stayed at had no phone in the room and we had no phone service after we charged both cell phones. We had to wait until we were back in an area with cell phone service again. *We called the next day as-soon-as [sic] possible to explain. It was early afternoon due to the hitch on our motorcycle breaking and an accident we witnessed of another bike going off the road into a ravine.*

Appellee's App. p. 1–2 (emphasis added). From these letters, it is apparent that the accident did not occur until June 16, 2009, which was the day *after* the hearing. Thus, the accident did not prevent Wolf Lake from participating in the hearing. Rather, unreliable cell phone reception prevented Wolf Lake from participating in the hearing.

It is undisputed that Wolf Lake received the Notice, which specifically stated that "[i]f the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing" and that "[a] decision or dismissal may be issued by the judge even if you do not participate." Appellant's App. p. 34. Additionally, the Notice advised that "[i]f you choose to use a cell phone or cordless telephone, you must have adequate minutes, a fully charged battery and *good reception.*" *Id.* (emphasis added).

Despite these warnings, the Bosches chose to go on vacation in a mountainous region without ensuring that there would be reliable cell phone reception and chose to stay in a hotel without telephones in the rooms. In light of these circumstances, we cannot conclude that Wolf Lake was denied a reasonable opportunity to participate in a fair hearing and, accordingly, this argument must fail.

### III. Additional Evidence

■ Wolf Lake contends that the Review Board erred when it refused to accept additional evidence that was not presented

to the ALL Specifically, Wolf Lake maintains that the Review Board should have accepted additional evidence regarding the timing of the accident and the Park Ranger's refusal to allow the Bosches to leave the scene of the accident. Additionally, Wolf Lake provided the Review Board with photos of the accident and additional information relevant to its former employee's termination which the Review Board refused to consider.

■ 646 Indiana Administrative Code section 3–12–8(b) provides, in relevant part, that

> [e]ach hearing before the review board shall be confined to the evidence submitted before the [ALJ] unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence ... upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the [ALJ].

The admission of additional evidence is within the Review Board's discretion. *Ritcheson–Dick v. Unemployment Ins. Review Bd.*, 881 N.E.2d 54, 56 (Ind.Ct.App. 2008).

■ Initially, we note that the Review Board points out that "other than sending correspondence attempting to explain that they were not responsible for failing to participate in the hearing before the ALJ, [Wolf Lake's] owners did not request leave to file additional evidence." Appellee's App. p. 10. However, this court has previously held that "a formal motion to submit additional evidence is not dispositive" and that a "typed letter included with [the] appeal is sufficient." *Ritcheson–Dick*, 881 N.E.2d at 57. Consequently, we do not find Wolf Lake's failure to request leave to file additional evidence dispositive.

Nevertheless, Wolf Lake was required to provide good cause together with a showing of good reason why the evidence was not presented to ALJ. Here, as discussed above, Wolf Lake sent a letter to the Review Board explaining that its failure to participate in the hearing was because the Bosches were vacationing in a mountainous region without reliable cell phone reception and because the Bosches were not permitted to leave the scene of an accident.

Inasmuch as the letters to the ALJ and the Review Board indicate that the accident did not occur until June 16, 2009, the day after the hearing, additional evidence regarding the timing of the accident and photos of the accident were not relevant to explain why Wolf Lake had failed to participate in the hearing. As for the Bosches vacationing where the cell phone reception was unreliable, as explained above, this circumstance was within the Bosches' control. Therefore, Wolf Lake failed to show good cause together with good reason why the evidence was not presented to the ALJ, and the Review Board did not abuse its discretion when it refused to consider additional evidence.

The decision of the Review Board is affirmed.

DARDEN, J., and CRONE, J., concur.

COMPANY, Appellant,

vs.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, et al., Appellees.

### ORDER

Appellee Review Board of the Indiana Department of Workforce Development, by counsel, has filed "Motion to Publish by Appellee Review Board."

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's "Motion to Publish by Appellee Review Board" is GRANTED.

2. The Clerk of the Court is directed to send copies of said opinion together with copies of this Order to the Thomson Reuters West Publishing Company and to all other companies, services and individuals to whom published opinions are normally sent.

BAKER, C.J., DARDEN, CRONE, JJ., concur.