Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**BRYAN JANN**
Edwardsburg, Michigan

ATTORNEYS FOR APPELLEE,
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN JANN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1112-EX-1185 |
| | ) | |
| REVIEW BOARD OF THE INDIANA, | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT AND C&B CUSTOM | ) | |
| MODULAR, INC. | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 11-R-05639

**November 1, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Bryan Jann ("Jann") left his employment with C&B Custom Modular Inc. ("C&B"), and sought unemployment benefits. The claims deputy concluded that Jann had left his employment with good cause and was therefore entitled to benefits. C&B then sought review of this decision by an administrative law judge ("ALJ"), who agreed with the claims deputy that Jann was entitled to benefits. C&B then sought review by the full Review Board of the Indiana Department of Workforce Development ("the Review Board"). The Review Board remanded for a *de novo* hearing before an ALJ because the record of the first ALJ hearing was unable to be transcribed. Jann failed to telephonically appear at the second hearing, and the ALJ entered what was essentially a default judgment in favor of C&B. This decision was affirmed by the Review Board. Jann, acting *pro se*, appeals the Review Board's decision. We are compelled by the facts and circumstances of this case to affirm the Review Board.

**Facts and Procedural History**

During the time relevant to this appeal, Jann was employed by C&B. His duties included cutting sheetrock, or drywall, using a table saw. In Jann's department, there were two table saws. One saw had a dust collector, whereas the other, the saw nearest to Jann, did not. Because of the approximate seventy-pound weight of each sheet of drywall, Jann understandably found it impracticable to carry his drywall to the more distant saw with the dust collector. Jann complained to his supervisors that the dust from the saw was adversely affecting his health, making it hard for him to breathe and causing headaches. Jann was told to use a dust mask, but he had previously found them to be

2

ineffective. Jann eventually left his employment with C&B because of his continuing issues related to the drywall dust he was forced to ingest.

Jann then sought unemployment benefits. On October 6, 2011, the claims deputy found:

> The claimant quit due to job dissatisfaction. Information provided supports the allegation the working conditions had actual or potential adverse effects on the claimant. The claiming made reasonable attempts to resolve the dissatisfaction prior to quitting.
>
> * * *
>
> The claimant voluntarily left employment with good cause in connection with the work. It has been established the working conditions were detrimental to the claimant and justified the claimant's separation. In accordance with IC 22-4-15-1, no penalty is imposed under these circumstances. The claimant is qualified.

Ex. Vol. p. 1.

C&B then sought review of this determination by an ALJ. After a hearing held on October 24, 2011, the ALJ affirmed the determination, concluding in relevant part:

> In the present case, as part of the claimant's job duties, the claimant was required to use a table saw to cut sheetrock. The table saw that was closest to the claimant's work area did not have a dust collector. The employer did have another table saw with a dust collector, but it was not located as close to the claimant's work area. The dust created by the cutting of the sheetrock caused breathing difficulties. The working conditions under such circumstances did create an unreasonable working condition. The Administrative Law Judge concludes the claimant voluntarily left employment with good cause in connection with the work. . . .

Id. at 9.

C&B then sought review of this determination by the Review Board. On November 3, 2011, the Review Board, on its own motion, vacated the ALJ's decision and ordered that "a new hearing be convened and that the parties have the opportunity to

3

present evidence and be heard." Id. at 18. The Review Board ordered that "[t]he decision of [the] Administrative Law Judge . . . is vacated and this cause is remanded for a de novo hearing before a different judge for the reason that the recording of the hearing that took place on October 24, 2011 is unable to be transcribed."[1] Id.

At the *de novo* hearing before a different ALJ, the employer appeared, but attempts to contact Jann at the telephone number he had provided were unsuccessful. The ALJ even left Jann a message informing him that the hearing was taking place, but Jann never called back in time to telephonically appear at the *de novo* hearing. The ALJ therefore entered a decision in favor of C&B, concluding that Jann, by failing to appear, had presented no evidence to support his claim that he was entitled to unemployment benefits. See id. at 20-21. The Review Board affirmed this decision on December 12, 2011. Jann now appeals *pro se*.

**Discussion and Decision**

On appeal, Jann attacks the Review Board's decision as being based on the fact that he failed to participate at the hearing. Although this is true, Jann provides no citation to any authority to support his argument that the Review Board erred in basing its decision on his failure to appear telephonically at the hearing. In fact, Jann presents no citation to any authority at all in the argument section of his brief. This issue is therefore waived. See In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007) (failure to cite case law or statutory authority in support of argument results in waiver of that

---

[1] There is no explanation as to why the Review Board ordered the de novo hearing to be before a different ALJ than the one who had conducted the initial hearing.

argument) (citing Ind. Appellate Rule 46(A)(8)(a)). Although we recognize that Jann is proceeding *pro se*, this does not relieve him of his duty to follow the appellate rules. See id. (noting that *pro se* litigants are held to the same standard as are licensed attorneys). Nevertheless, we prefer to address issues on their merits when possible, and we will attempt to address the issue presented by Jann as we discern it. See id. (noting our preference to determine causes on the merits).

The Review Board is allowed wide latitude in conducting its hearings, but due process must be accorded a party whose rights will be affected. Wolf Lake Pub, Inc. v. Review Bd. of Ind. Dept. of Workforce Dev., 930 N.E.2d 1138, 1141 (Ind. Ct. App. 2010). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Id. Still, it has been held that "'a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing.'" Id. (quoting Art Hill, Inc., v. Review Bd. of the Ind. Dep't of Workforce Dev., 898 N.E.2d 363, 367 (Ind. Ct. App. 2008)).

In Wolf Lake, this court held that an employer who failed to appear telephonically at an ALJ hearing had not been deprived of due process when the employer was in an area where he had limited cell phone coverage and where it was undisputed that the employer had received notice which warned him of the consequences of failing to appear telephonically. Id. at 1142. The same is true here. Jann makes no cognizable argument that he did not receive notice. Instead, the record clearly indicates that Jann did receive notice. A notice of the new, *de novo* hearing was sent to both parties on November 22,

5

2011. This notice specifically states the time and date of the hearing and informs the parties that they would receive a telephone call from the ALJ. Jann returned an acknowledgment sheet that included his telephone number. On the date of the hearing, the ALJ attempted to telephone Jann at the number he had provided. This call went to an automated voice mail system. The ALJ left Jann a message informing him about the hearing and warning him of the failure to appear telephonically. Approximately fifteen minutes later, the ALJ attempted to telephone Jann a second time, and again, the call went to the voice mail system. Jann provides no explanation of his failure to answer the phone other than labeling it as due to "technical difficulties." Appellant's Br. p. 6.

But, as in Wolf Lake, it was up to Jann to ensure that he could be reached at the telephone number he provided. See 930 N.E.2d at 1142; see also Art Hill, Inc. v. Review Bd. of Ind. Dept. of Workforce Dev., 898 N.E.2d 363, 368 (Ind. Ct. App. 2008) (where employer received notice of the hearing, but ALJ was unable to contact employee at telephone number provided by the employer, the employer was considered to have voluntarily failed to participate and was not denied due process when the ALJ conducted the hearing without the employer's participation). Under these facts and circumstances, we must affirm the decision of the Review Board.

But this is not to say that we are satisfied with the outcome in this case. The claims deputy and the initial ALJ concluded, after hearing evidence from both parties, that Jann was entitled to unemployment benefits. Then, the Review Board, on its own motion, ordered a *de novo* hearing, before a different ALJ, on the basis that a transcript of the initial ALJ hearing was unable to be prepared from the recording of that hearing. As

6

the appellant, Jann had the responsibility to prepare and forward all portions of the record necessary for his appeal. See Ladd v. Review Bd. of Ind. Emp't Sec. Div., 150 Ind. App. 632, 638, 276 N.E.2d 871, 875 (1971). We have no recording of his initial ALJ hearing, so we are unable to review the Board's determination that the hearing was unable to be transcribed or the need for a new ALJ hearing before a new ALJ.

We do not deny that the Review Board may remand a case back to an ALJ. Indiana Code section 22-4-17-5(e) provides:

> The review board may on the board's own motion affirm, modify, set aside, remand, or reverse the findings, conclusions, or orders of an administrative law judge on the basis of any of the following:
> (1) Evidence previously submitted to the administrative law judge.
> (2) The record of the proceeding after the taking of additional evidence as directed by the review board.
> (3) A procedural error by the administrative law judge.

Jann does not claim that the Review Board erred in ordering a new, *de novo* hearing before a new ALJ. Even had he done so, there is no indication that the Jann ever challenged that order before the Review Board or by appealing.

A similar issue was before this court in Lacher v. Review Bd. of Indiana Dep't of Workforce Dev., 954 N.E.2d 1098 (Ind. Ct. App. 2011), trans. denied. In Lacher, the employer failed to appear at the initial ALJ hearing, and the employees won their claim for unemployment benefits. The Review Board, however, remanded the case for a *de novo* hearing before the ALJ due to procedural irregularities. On appeal to this court, the employees claimed that the Review Board erred in ordering the *de novo* hearing. We held that because the employees failed to present this argument to the Review Board and failed to appeal the Board's remand order, the issue was waived. Id. at 1103.

7

The same would be true here. Even if the Review Board erred in determining that the recording of the first ALJ hearing was unable to be transcribed, and the remand was therefore improper, there is no indication that Jann ever challenged this order. Thus, even if Jann did challenge the propriety of the Review Board's order on appeal, it would be considered waived. See id.

## Conclusion

It was Jann's duty to assure that he was able to be reached at the telephone number he provided, and his failure to be reached at this number resulted in his failure to telephonically participate in the *de novo* ALJ hearing. And his failure to participate meant that he was unable to present evidence to the ALJ to support his claim for unemployment benefits. Under the facts and circumstances of the present case, we are constrained to affirm the decision of the Review Board.

Affirmed.

VAIDIK, J., and BARNES, J., concur.