

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ELIZABETH C. BOWEN**
In-House Counsel for Appellant
Carmel, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUNYON EQUIPMENT RENTAL, INC. | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1302-EX-182 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and STEPHEN MORTIMORE, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE INDIANA WORKER'S COMPENSATION BOARD
Steven F. Bier, Chairperson
Cause No. 12-R-5120

**August 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Runyon Equipment Rental, Inc. (Employer) appeals from a decision of the Review Board of the Indiana Department of Workforce Development (the Review Board) granting Steven Mortimore's[1] (Claimant's) petition for unemployment insurance compensation benefits. Employer presents two issues for review, one of which is dispositive. We restate that issue as follows: Did the Review Board abuse its discretion by denying Employer's request to present additional evidence?

We reverse and remand with instructions.

As its name suggests, Employer is a company in the business of renting equipment. On July 23, 2012, Employer hired Claimant to work as a counter salesperson. His job responsibilities included answering the telephones at the store's front counter, operating one of its computers, and renting equipment to customers. Employer discharged Claimant on August 27, 2012, citing as grounds Claimant's poor job performance. Thereafter, Claimant

---

[1] In a worker's compensation action, the claimant and employing unit are generally subject to the confidentiality requirements of Ind. Code Ann. § 22–4–19–6(b) (West, Westlaw current with all 2013 legislation). This confidentiality requirement applies to judicial proceedings pursuant to Indiana Administrative Rule 9(G)(1)(b)(xviii). Rule 9 provides, however, that when information excluded from public access is presented in court proceedings open to the public, "the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access." Admin. R. 9(G)(1.2).

The decisions of the ALJ and the Review Board in the present case were each expressly labeled as a "Confidential Record" pursuant to I.C. § 22–4–19–6. *See Appellant's Appendix* at 2, *Appellee's Appendix* at 4, respectively. In the course of this appeal, however, the appendices filed by Employer and Claimant were not so labeled, and both disclosed the parties' full names. The same is true of the appellate briefs submitted by both parties. It appears that neither Claimant nor Employer, nor the Review Board, made an affirmative request pursuant to Admin. R. 9(G)(1.2) to continue the exclusion from public access of the identities and information deemed confidential under the statute and rule. *See Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136 (Ind. 2011). Therefore, pursuant to Admin. R. 9(G)(1.2), in view of the absence of an affirmative request for continued confidentiality of the identities of the parties, we fully identify the parties. *See id.*

filed for unemployment benefits. On September 26, 2012, a claims deputy for the Department of Workforce Development found that Employer had discharged Claimant for just cause and therefore that Claimant was ineligible for benefits. Claimant appealed that determination and the matter was heard by an administrative law judge (ALJ).

On December 14, 2012, the ALJ reversed the deputy's decision and found that Claimant was eligible for benefits. Employer appealed the ALJ's decision to the Review Board. On January 28, 2013, the Review Board affirmed the ALJ's findings of fact and conclusions of law. Claimant appeals the Review Board's decision. Further facts will be provided where relevant.

> Our Supreme Court recently set forth the standard of review applicable in this context:
>
> The Indiana Unemployment Compensation Act (UCA) provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22–4–17–12(a) (2007). When the decision of the Review Board is challenged, an appellate court makes a two-part inquiry into (1) "the sufficiency of the facts found to sustain the decision" and (2) "the sufficiency of the evidence to sustain the findings of fact." *Id*. § 22–4–17–12(f). This Court provided an extensive analysis of the standard of review for these cases in *McClain v. Review Board of Indiana Department of Workforce Development*, 693 N.E.2d 1314 (Ind. 1998). Simply stated, an appellate court reviews "(1) determinations of specific or 'basic' underlying facts; (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." *Id*. at 1317.
>
> The Review Board's "findings of basic facts are subject to a 'substantial evidence' standard of review." *Id*. We neither reweigh evidence nor judge the credibility of witnesses; rather, we consider only the evidence most favorable to the Review Board's findings. *Id*. We will reverse the decision only if there is no substantial evidence to support the Review Board's findings. *Id*.

*J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). I.C. § 22–4–15–1(a) (West, Westlaw current with all 2013 legislation) provides that an

unemployment claimant is ineligible for unemployment benefits if the claimant is discharged from employment for "just cause" from the most recent employer. *See Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136. This provision sets out nine non-exclusive scenarios that can amount to "discharge for just cause", *see* I.C. § 22-4-15-1(d), including the one that is relevant in the present case, i.e., a breach of duty in connection with the work, which is reasonably owed to the employer.

The breach-of-duty basis for just-cause discharge in this context does not explicitly condition a claimant's ineligibility on a requirement that the breach was knowing, willful, or intentional. Nevertheless, our Supreme Court considered this factor in *Recker*. The Court determined that even where a breach is proven, the employer must also prove that the breach was the claimant's fault. "In other words, the accident must have been the result of a 'volitional act' or circumstances over which [the claimant] exercised 'some control.'" *Conklin v. Review Bd. of Ind. Dep't of Workforce Dev.*, 966 N.E.2d 761, 765 (Ind. Ct. App. 2012) (quoting *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d at 1142). Moreover,

> the Board should consider whether the conduct which is said to have been a breach of duty reasonably owed to the employer is of such a nature that a reasonable employee of the employer would understand that the conduct in question was a violation of a duty owed the employer and that he would be subject in discharge for engaging in the activity or behavior."

*Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d at 1141 (quoting *Hehr v. Review Bd. of Ind. Emp't Sec. Div.,* 534 N.E.2d 1122 (Ind. Ct. App. 1989)). Finally, the employer bears the initial burden of establishing that an employee was terminated for just

4

cause. *Seabrook Dieckmann & Naville, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 973 N.E.2d 647 (Ind. Ct. App. 2012).

Employer contends the Review Board abused its discretion by not granting Employer's request to present additional evidence. The Review Board adopted and incorporated by reference the findings of fact and conclusions of law of the ALJ. With respect to the duties that Employer alleged Claimant breached, the ALJ entered the following findings of fact:

> The claimant did not write as many tickets as the other people working the counter. The claimant had 469 tickets while the other two counter people had over 800. The employer felt that the claimant had rented to someone when the computer system indicated that they were not allowed to rent equipment from the employer. The employer has a sign near the claimant's work area that states that only people with valid driver's license [sic] can rent equipment. The employer felt that the claimant had rented to someone that had presented a state I.D. A third ticket shows a $2,000.00 rental when the actual charges should have been slightly over $400.00.
>
> The employer felt that the claimant was a liability risk and that he wasn't picking up on the job quick enough. The claimant received some training from the other counter people for approximately one week. The claimant would ask questions when an unusual situation would arise. The claimant felt that he worked to the best of his ability and did not make delivery mistakes.

*Appellee's Appendix* at 4. These findings summarize the nature of Employer's prima facie case in support of its claim that Claimant breached his duty to Employer. That is, Employer claimed, among other things, that Claimant rented equipment to parties that Employer's computer indicated should not be allowed to rent equipment. Employer also claimed that Claimant violated company policy, as well as his instructions, when he rented equipment to customers who did not possess a driver's license, but instead merely possessed a state

5

identification card. Employer also claimed that Claimant improperly completed contracts, causing customers to be overbilled. Several mistakes of this nature resulted in monetary loss for Employer. Finally, the employer alleged that Claimant had written significantly fewer tickets, i.e., made fewer sales, then the other two counter workers who worked with Claimant.

The Review Board found that Employer established only one of its claims of substandard performance. Specifically, the Review Board found that Claimant participated in significantly fewer sales then the other two counter people. The Review Board affirmed a finding that Employer failed to establish its other allegations of substandard performance. In making this decision, the Review Board explained:

> The employer had redacted critical information from the invoices that would have allowed the claimant to adequately respond. The claimant did not feel that he had processed the transactions that the employer presented as part of their case. The claimant's testimony regarding the transactions is just as credible as the employer's presentation. The employer has failed to establish that the discharge is for just cause.

*Id.* at 6. The redacted information mentioned above refers to evidence presented at the hearing by Employer. Employer submitted seven exhibits purportedly reflecting Claimant's deficient performance. These exhibits included: 1) a store print-out summarizing individual salesclerk activity between July 23, 2012 and August 25, 2012; 2) a copy of a store sign stating, "Local Indiana Driver License Required to Rent", *Transcript*, Exhibits at 25; 3) a three-page exhibit reflecting a transaction purportedly completed by Claimant, and including what purports to be an Indiana DUP identification card of the customer involved and statements detailing the transaction; 4) a two-page exhibit reflecting an allegedly faulty

6

customer transaction purportedly completed by Claimant [Exhibit 4]; and 5) a four-page

exhibit reflecting a customer transaction completed by Claimant [Exhibit 5].

Claimant objected to Exhibits 4 and 5 on grounds that much of the information

contained on the exhibits had been redacted. Employer explained that the information that

had been redacted "ha[d] to do with our customer confidentiality." *Transcript* at 13.

Employer offered that it would be "more than willing to provide [the redacted information] to

the court." *Id.* The ALJ responded, "which you are not allowed to do at this point. You

have to provide an exact copy of what you send to me and want included in the record to Mr.

Mortimer. So you cannot substitute an exhibit at this point." *Id.* Although the ALJ admitted

the exhibits over Claimant's objections, he added the following cautionary comment:

> We will note that there is a question, what weight if any I'm going to give any
> of these documents that have blacked out information on it [sic]. Part of the,
> part of what the Claimant has the ability to do would be to know what mistakes
> he made and be able to address them specifically by recalling what names or
> transactions may have been if there were any special circumstances [sic]. So
> we'll note that there is a question of what weight, if any, I'm going to give
> these particular documents when I write the decision.

*Id.* at 14. As indicated above, following the two-day hearing, the ALJ reversed the deputy's

decision, and found in favor of Claimant.

In appealing to the Review Board, Employer made a request to submit additional

evidence. Employer explained that it offered to submit Exhibits 4 and 5 in unredacted form,

but the ALJ refused to accept them. Employer further explained that there was an eight-day

period between the first and second days of the hearing, which would have given Claimant

and the ALJ sufficient time to review the unredacted evidence before the hearing resumed.

The Review Board denied the request to submit additional evidence, and affirmed the ALJ. Employer contends the Review Board abused its discretion in refusing to permit Employer to submit additional evidence.

646 Indiana Administrative Code § 5–10–11(b) (West, Westlaw current with amendments received through the Indiana Weekly collection, dated July 31, 2013), provides, in relevant part:

> Each hearing before the review board shall be confined to the evidence submitted before the [ALJ] unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why the additional evidence was not procured and introduced at the hearing before the [ALJ].

Therefore, additional evidence is admissible under this provision if its proponent establishes there was a good reason why the additional evidence was not procured and introduced at the hearing before the ALJ, and that there was good cause to admit the evidence. The admission of additional evidence under this provision is within the Review Board's discretion. *Wolf Lake Pub, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 930 N.E.2d 1138 (Ind. Ct. App. 2010) (pertaining to the predecessor to this provision, i.e., 646 IAC § 3–12–8(b)).

Employer explained on the first day of the hearing why it had redacted certain portions of the challenged exhibits. According to Employer, redaction was necessary to protect the confidentiality of certain customer information. Employer also contended that the redacted information was not critical to the ALJ's decision. It is clear that the ALJ, and ultimately the Review Board, did not agree with the latter contention, based upon its observation that Employer "redacted *critical* information from the invoices that would have allowed the

8

claimant to adequately respond." *Appellees Appendix* at 6 (emphasis supplied). Be that as it may, we conclude that the reason offered by Employer for redacting the documents constituted "good reason why the additional evidence was not procured and introduced at the hearing before the [ALJ]" within the meaning of 646 IAC § 5–10–11(b).

With respect to the second element, eight days elapsed between the first and second days of the hearing. Had Employer been permitted to submit the unredacted versions of Exhibits 4 and 5 to the ALJ and Claimant, Claimant would have had sufficient time to review those documents and respond accordingly before the hearing was concluded more than a week hence. Unquestionably, the ALJ, and therefore the Review Board, deemed the redacted material critical to its decision. Finally, Employer timely filed with the Review Board its request to present additional evidence. Therefore, we conclude that Employer has established "good cause" within the meaning of 646 IAC § 5–10–11(b) for permitting Employer to submit the additional evidence, and that the Review Board abused its discretion in denying the request.

The Review Board's denial of Employer's request to present additional evidence is reversed and this cause is remanded with instructions to grant Employer's request. Of course, the Review Board may, at its discretion, remand this proceeding to an ALJ for the purpose of hearing the additional evidence "under the same conditions and after like notice as is provided for the hearing of additional evidence by the [R]eview [B]oard." 646 IAC § 5–10–11(e).

Judgment reversed and remanded with instructions.

9

BAKER, J., and VAIDIK, J., concur.