## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 11 2019, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tressa Bailey
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tressa Bailey,<br><br>*Appellant-Petitioner*<br><br>v.<br><br>Review Board of the Indiana Department of Workforce Development,<br><br>*Appellee-Respondent.* | July 11, 2019<br><br>Court of Appeals Cause No. 18A-EX-2638<br><br>Appeal from the Review Board of the Department of Workforce Development<br><br>The Honorable Steven F. Bier, Chairperson<br><br>Case No. 18R-0932 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Tressa Bailey (Bailey)[1], appeals the decision of the Appellee-Respondent, Review Board of the Indiana Department of Workforce Development (Review Board), affirming the Administrative Law Judge (ALJ) decision to suspend her unemployment benefits.

We affirm.

# ISSUE

Bailey presents a single issue on appeal, which we restate as: Whether Bailey's due process rights were violated when she failed to participate in a telephonic hearing due to poor cellphone reception.

---

[1] The parties refer to Bailey using her initials. However, our court has previously found that, notwithstanding the confidentiality mandate of Indiana Code section 22-4-19-6 and Indiana Administrative Rule 9(G), "it is appropriate for this [c]ourt to use the full names of parties in routine appeals from the Review Board." *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.,* 951 N.E.2d 301, 306 (Ind. Ct. App. 2011). *See also J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1285 n. 1 (Ind. 2012) (noting that the court's practice "going forward will be to keep the [ ] parties confidential only if they make an affirmative request"). Because we did not receive an affirmative request, we will utilize Bailey's name.

# FACTS AND PROCEDURAL HISTORY

[4]     In April 2018, Bailey worked full time as an administrative assistant for two lawyers who operated their individual law practices in South Bend, Indiana. On June 12, 2018, the lawyers summoned Bailey for a meeting due to Bailey's unsatisfactory work. Prior to that meeting, one of the lawyers had accepted a position in a law firm in Georgia. At the meeting, the lawyer who was leaving informed Bailey that she would not need Bailey's services other than for closing out her legal files in Indiana. The remaining lawyer, operating a law practice as Cole Law Firm LLC (Cole), then informed Bailey that she was exploring another practice that would be willing to split time with Bailey so that Bailey would not see a decrease in her pay. Bailey "abruptly left" after the meeting and did not return to work the following day. (Exh. Vol. III, p. 4).

[5]     On July 20, 2018, a claims investigator for the Indiana Department of Workforce Development (IDWD) determined that Bailey had not been discharged for just cause and awarded Bailey unemployment benefits. On July 24, 2018, Cole filed an appeal of the grant of unemployment benefits to Bailey.

[6]     On August 9, 2018, the IDWD mailed Bailey a "Notice of TELEPHONE Hearing" (Notice) which was accompanied by hearing instructions. The Notice stated that a hearing by telephone was scheduled for August 21, 2018 at 10:00 a.m. The hearing instructions instructed Bailey as follows:

**BEFORE THE DATE OF THE HEARING**

**Contact Number**: Return the enclosed Acknowledgment Sheet or call the Appeals office to provide ONE contact number to reach you. If your hearing is by telephone, this is the number the judge will call for the hearing . . . . It is your responsibility to ensure that the judge has your contact telephone number. . . . If you are scheduled for a telephone hearing and have not provided your telephone number, the judge may attempt to call you at the number provided on your appeal statement. However, the judge is not required to search for a valid contact number. If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate.

\* \* \* \*

**DURING THE HEARING**
\* \* \* \*

If your Notice [] indicates your hearing is by telephone, these considerations apply. If your telephone disconnects during the hearing, the judge will attempt to call you back. Please speak clearly during the hearing. Try to be in a quiet area where you will not be interrupted. If you use a [cellphone] or cordless phone, you must have adequate minutes, a fully charged battery, and good reception. The judge's number may not display on your caller ID, or may show as "private", "blocked", or from another state. Disable Privacy Manager and similar screening devices prior to the hearing. Do not interrupt when others are speaking. The judge may dismiss your case if the party who filed the appeal cannot be reached within fifteen (15) minutes of the scheduled start time of your hearing. The judge may be behind in their hearing schedule, so please be patient. If you do not have a telephone, ask a friend or a neighbor if you may use theirs.

You may also visit your local WorkOne center to use their telephone. You cannot call in and be connected to a hearing that is already in progress.

(Exh. Vol. III, pp. 12, 14).

[7] The hearing took place on the scheduled day. Cole participated at the hearing. The ALJ attempted to reach Bailey on her cellphone at 10:05 a.m. and 10:11 a.m. Both times, the ALJ's call went straight to voicemail. The hearing commenced at 10:24 a.m. At approximately 10:26 a.m., Bailey called seeking to participate in the hearing but was denied an opportunity. Following that hearing, the ALJ issued the following relevant findings of fact and conclusions of law thereon:

**FINDINGS OF FACT:**
[Cole] operates a law office. Cole hired [Bailey] along with a different employer to work between their two law offices. [Bailey] started working on April 2, 2018. [Bailey] worked as a secretary.

In early June 2018, the other employer mentioned that she was moving to Georgia to accept a position with a different practice. On June 12, 2018, the other employer informed [Bailey] that she would not be needed to purpose of [sic] closing out her files in Indiana. During the meeting, Cole discussed the fact that she was exploring another practice that might be willing to split time with [Bailey] so that she wouldn't see a decrease in her pay. [Bailey] left after the meeting ended because it was the end of the day. [Bailey] never returned back to work again. [Bailey]

provided [Cole] with no explanation for her decision not to return after the position ended with the other attorney office.

## CONCLUSIONS OF LAW:

An individual may not receive unemployment compensation benefits if he voluntarily left his most recent employment without good cause. *See* Ind. Code [§]22-4-15-1(a).

* * * *

Here, [Bailey] abandoned her job by leaving after the meeting on June 12, 2018 and not returning back to work again or providing any explanation for her absence. [Bailey's] employment with the other employer ended when the employer stated she would not be needed while she closed out her remaining files. [Bailey] still was employed with [Cole] at that time and ended that employment by not returning back to work despite there still being work available. [Bailey] voluntarily left employment but not for good cause in connection with work as defined by Indiana Code [section] 22-4-15-1(a).

## DECISION:

* * * *

The initial determination dated July 20, 2018 is MODIFIED from a discharge issue to a voluntarily left employment issue and is REVERSED. [Bailey] voluntarily left the employment without good cause. [Bailey's] benefits rights are suspended effective the week ending 6/16/2018, until the claimant has earned remuneration in employment in at least eight (8) weeks equal to or exceeding eight (8) times the weekly benefit amount. If eligible, a relief of charges is granted to the employer.

(Exh. Vol. III, pp. 20-22).

[8] On August 24, 2018, Bailey appealed the ALJ's decision to the Review Board. Without holding a hearing or allowing additional evidence from Bailey, on September 28, 2018, the Review Board adopted the ALJ's findings of fact and conclusions thereon denying Bailey unemployment benefits.

[9] Bailey now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Bailey argues she was denied due process because the ALJ failed to give her a reasonable opportunity to participate in the hearing.

[11] "The Review Board, while an administrative body, is vested with quasi-judicial powers. Accordingly, while the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected." *Art Hill, Inc. v. Review Bd. of the Ind. Dep't. of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind. Ct. App. 2008) (quotation omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. Nevertheless, "a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing. *Id*. at 368. Whether the requirements of due process have been satisfied is a question of law; therefore, we review the issue *de novo*. *Id*. at 367.

[12] An individual denied unemployment benefits may seek a hearing on the issue before an ALJ. Ind. Code § 22-4-17-2; 646 Ind. Admin. Code 3-12-1. The

ALJ, "after affording the parties a reasonable opportunity for a fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the deputy." I.C.§ 22-4-17-3. The ALJ may hold the hearing by telephone absent an objection from an interested party and after determining that a hearing by telephone is proper and just. I.C. § 22-4-17-8.5(b)(4). "Each party to a hearing before an [ALJ] held under [Indiana Code section 22-4-17-3] shall be mailed a notice of the hearing at least ten (10) days before the date of the hearing specifying the place and time of the hearing and identifying the issues to be decided." I.C. § 22-4-17-6. The Review Board may affirm, modify, set aside, remand, or reverse the findings, conclusions, or orders of an ALJ. I.C. § 22-4-17-5.

[13] In compliance with Indiana Code section 22-4-17-6 and 646 Indiana Administrative Code 3-12-21(d), the ALJ in the instant case provided notice of the telephone hearing and instructions to both parties that required each party to provide a single telephone number where the party could be contacted at the time of the hearing. Bailey provided a single contact telephone number, *i.e.*, her cellphone number, to the ALJ. The instructions in the Notice required Bailey to have "good reception" at the time of the hearing. (Exh. Vol. III, p. 12).

[14] When Bailey appealed the ALJ's ruling, Bailey sent two letters to the Review Board explaining her non-participation in the hearing. Specifically, Bailey claimed that shortly before the hearing, she had moved in with her 77-year-old mother and she was unaware that her mother's home, which "is the closest

thing to a valley in [the South Bend] area," had poor cellphone reception. (Appellant's App. p. 11). Bailey added that on the day of the scheduled hearing, her "mobile phone carrier, T-Mobile, had diminished signal during the hearing when the South Bend area was experiencing severe weather." (Appellant's App. p. 12). Bailey then claimed that when she gained better service, she immediately called the ALJ at 10:26 a.m., two minutes after the hearing had begun, and requested to participate in the hearing but was denied an opportunity. In both letters, Bailey concluded that she had *now* obtained permission from her mother to use her landline telephone number as an "alternate number" if granted a second hearing. (Appellant's App. p. 14).

[15]   In *Wolf Lake Pub, Inc. v. Review Board of the Indiana Department of Workforce Development*, 930 N.E.2d 1138, 1140 (Ind. Ct. App. 2010), this court denied an employer's due process challenge where the employer had provided a cell phone number, the ALJ had called it twice at the time of the hearing, and the employer had never answered. The employer subsequently explained that he had been on vacation the day of the hearing and was without reliable cell phone reception. *Id*. In finding no due process violation, this court reasoned that it was the employer's choice to go on vacation in an area without reliable reception and to stay in a hotel without telephones in the rooms. *Id*. In the court's view, these elective decisions did not alter the fact that the employer had been given a reasonable opportunity to participate in the hearing. *Id*. at 1142.

[16] Bailey makes no cognizable argument that she did not receive Notice. Instead, the record clearly indicates that Bailey did receive Notice indicating that the hearing was scheduled for 10:00 a.m. and that the parties would receive a telephone call from the ALJ to participate in the hearing.

[17] Notwithstanding the fact that Bailey provided an alternate telephone number when she appealed the ALJ's decision, when Bailey returned the Acknowledgment Sheet to the ALJ, she only included her cellphone number. On the date of the hearing, the ALJ attempted to telephone Bailey on her cellphone at 10:05 a.m. and 10:11 a.m. Both times, the ALJ's phone calls went straight to voicemail. While Bailey provides a reasonable explanation about why she missed the calls, arguing that it was storming that day, as in *Wolf Lake*, it was up to Bailey to ensure that she could be reached at the cellphone number she provided. *See Wolf Lake*, 930 N.E.2d at 1142; *see also Art Hill*, *Inc.*, 898 N.E.2d at 368 (where employer received notice of the hearing, but ALJ was unable to contact employee at telephone number provided by the employer, the employer was considered to have voluntarily failed to participate and was not denied due process when the ALJ conducted the hearing without the employer's participation). In *S.S. v. Review Board of Indiana Department of Workforce Development*, 941 N.E.2d 550, 555 (Ind. Ct. App. 2011), parties who confused time zones and thus failed to participate in a hearing were not denied an opportunity to be heard. However, in *A.Y. v. Review Board of Indiana Department of Workforce Development*, 948 N.E.2d 373, 379 (Ind. Ct. App. 2011),

*trans. denied*, we reversed and remanded for a determination of whether a claimant, who alleged that she provided her correct telephone number yet did not receive a call from the ALJ and thereafter called within the time allotted for her hearing, had shown good cause for reinstatement of her appeal. Indeed, the foregoing cases illustrate that matters within the control of the party that prevent them from participation in a hearing do not deprive that party of a fair hearing.

[18] Here, Bailey was given notice of the hearing, and based on the explicit language of the hearing instructions associated with the Notice, Bailey knew that any telephonic difficulties could result in the ALJ deciding the case without her attendance, but she chose to appear telephonically. Bailey's arguments to the contrary are unavailing as her inability to attend the hearing stems from her inattentiveness to the hearing instructions which required her to have good cellphone reception at the time of the hearing. Because Bailey had an opportunity to be heard, and voluntarily failed to participate in the hearing, we hold that Bailey was not denied due process when the ALJ conducted a hearing without her participation. Under these facts and circumstances, we must affirm the decision of the Review Board.

## CONCLUSION

[19] Based on the foregoing, we conclude that Bailey was afforded due process and a reasonable opportunity to participate in a telephonic hearing. The Review

Board's decision adopting the ALJ's findings and conclusions denying Bailey's unemployment benefits is therefore affirmed.

[20] Affirmed.

[21] Bailey, J. and Pyle, J. concur